UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADIS KOVAC, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Civil Action No. 3:18-CV-00110-X |
| v. | § | |
| | § | |
| CHRISTOPHER WRAY, et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' *Motion to Dismiss Plaintiff Warsame for Lack of Standing* [Doc. No. 25] and *Motion to Dismiss Plaintiff Adis Kovac's Claims for Lack of Subject Matter Jurisdiction* [Doc. No. 30]. The Court **DENIES WITHOUT PREJUDICE** the motion to dismiss Warsame's claims. The Court **GRANTS LEAVE** to the defendants to file, within 28 days of the date of this Order, a renewed motion to dismiss Warsame's claims with the appropriate evidence to support its assertions of mootness. The Court also **GRANTS IN PART AND DENIES IN PART** the motion to dismiss Kovac's claims. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Kovac's procedural due process claim (Count I) and substantive due process claim (Count II) only to the extent that they are predicated on his liberty interest in a right to travel. But Kovac and his fellow plaintiffs retain both due process claims predicated on the plaintiffs' liberty interest in nonattainder. And all plaintiffs retain their Administrative Procedure Act claims (Count III).

1

I.

The Court previously granted in part and denied in part a motion to dismiss.[1] The facts of this case are detailed fully in that memorandum opinion and order and need not be restated here. In short, the Court dismissed all claims against the U.S. Customs and Border Protection.[2] Against the remaining defendants, Kovac retained his procedural due process claim (Count I) and substantive due process claim (Count II) predicated on his liberty interests in a right to travel and nonattainder, and plaintiffs Bashar Aljame, Abraham Sbyti, Suhaib Allababidi, and Fadumo Warsame (collectively, "screening list plaintiffs") retained their procedural due process claim (Count I) and substantive due process claim (Count II) predicated only on their liberty interest in nonattainder. All plaintiffs retained their Administrative Procedure Act claims (Count III).

Both pending motions to dismiss seek to dismiss some claims as moot. In the first pending motion to dismiss, the defendants seek to dismiss Warsame as a plaintiff for "failure to maintain standing."[3] The defendants argue that Warsame's allegations in the plaintiffs' proposed amended complaint (not filed because the Court denied the plaintiffs leave to amend their complaint) demonstrate that the pattern of enhanced

---

[1] *Kovac v. Wray*, 363 F. Supp. 3d 721 (N.D. Tex. Mar. 5, 2019) (Lindsay, J.) (granting in part and denying in part the defendant's April 13, 2018 motion to dismiss).

[2] At the time the plaintiffs filed their complaint, Kevin McAleenan was the Acting Commissioner of the U.S. Customs and Border Protection (CBP). By the time the Court decided the previous motion to dismiss, McAleenan had been sworn in as Commissioner of CBP. Now, Mark A. Morgan is Acting Commissioner of CBP. Under Rule 25(d) of the Federal Rules of Civil Procedure, Morgan is "automatically substituted as a party."

[3] *Memorandum in Support of Defendants' Motion to Dismiss Plaintiff Warsame for Lack of Standing* (First Motion to Dismiss), at 8 [Doc. No. 25].

screening at airports she alleges she experienced actually ended sometime in 2018 after this litigation began. In the second motion to dismiss, the defendants seek to dismiss all Kovac's claims because on July 18, 2019, he was removed from the National Terrorist Screening Center's No-Fly List and "will not be placed back on the No Fly List based on currently available information."[4] The defendants argue that because of this change in circumstances, the Court ought to dismiss Kovac's claims as moot. Both motions to dismiss are ripe for the Court's review.

II.

A federal court has jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.[5] Absent jurisdiction conferred by statute or the Constitution, they "lack the power to adjudicate claims" and must "dismiss an action whenever it appears that subject matter jurisdiction is lacking."[6]

Federal Rule of Civil Procedure 12(b)(1) allows defendants to assert by motion the "lack of subject-matter jurisdiction." Lack of subject-matter jurisdiction may only be found in: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

---

[4] *Memorandum in Support of Defendants' Motion to Dismiss Plaintiff Adis Kovac's Claims for Lack of Subject Matter Jurisdiction* (Second Motion to Dismiss), at 2 [Doc. No. 30].

[5] 28 U.S.C. §§ 1331, 1332.

[6] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

3

plus the court's resolution of disputed facts."[7] The party asserting jurisdiction has the burden of proof for a 12(b)(1) motion to dismiss, which means that in this case the plaintiffs bear "the burden of proof that jurisdiction does in fact exist."[8]

The doctrine of mootness is a jurisdictional matter.[9] "A claim is moot when a case or controversy no longer exists between the parties."[10] Mootness "can arise in one of two ways: First, a controversy can become moot 'when the issues presented are no longer 'live.' A controversy can also become moot when 'the parties lack a legally cognizable interest in the outcome."[11] The mootness doctrine "applies to equitable relief."[12] Because here the plaintiffs seek a declaratory judgment and an injunction, the mootness doctrine applies here.

A plaintiff bears the burden to prove that the Court has jurisdiction, but when a defendant asserts mootness the defendant sometimes maintains a burden to establish that mootness exists. Defendants retain such a burden to establish mootness when the defendants voluntarily cease the conduct that the plaintiff is challenging. This exception to the mootness doctrine is known as the "voluntary

---

[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

[8] *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

[9] *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) ("Mootness is a jurisdictional matter which can be raised for the first time on appeal.") (quoting *Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 204 (5th Cir. 2010))).

[10] *Brinsdon*, 863 F.3d at 345 (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)).

[11] *Chevron U.S.A. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993) (internal citations and quotation marks omitted).

[12] *Brinsdon*, 863 F.3d at 345 (citing *Morgan v. Plan Indep. Sch. Dist.*, 589 F.3d 740, 748 n.32 (5th Cir. 2009)).

cessation doctrine."¹³ When a defendant's voluntary cessation of conduct seems to moot a plaintiff's claim, the defendant bears the "heavy burden" to make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."¹⁴

When the defendant is a government entity, it retains this burden. But in such cases the Fifth Circuit modifies this burden slightly, giving the government defendant some benefit of the doubt:

> On the other hand, courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity . . . . [G]overnment actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing.¹⁵

Although the Fifth Circuit lightens this burden for government defendants, the burden remains. A government defendant must still present evidence of its formally announced changes in official policy regarding the plaintiff whose claims the

---

¹³ *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011). *Sossamon* explains the "voluntary cessation" exception to the mootness doctrine:

> [T]he voluntary cessation of a complained-of activity by a defendant ordinarily does not moot a case: If the defendants could eject plaintiffs from court on the eve of judgment, then resume the complained-of activity without fear of flouting the mandate of a court, plaintiffs would face the hassle, expense, and injustice of constantly relitigating their claims without the possibility of obtaining lasting relief.

*Id.*

¹⁴ *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).

¹⁵ *Sossamon*, 560 F.3d at 325.

government asserts should be dismissed for mootness.

III.

Both motions seek to dismiss the claims of certain plaintiffs as moot. The Court addresses each motion to dismiss in turn.

A.

The Court denies the motion to dismiss Warsame as a plaintiff. The defendants argue that Warsame's allegations in the plaintiffs' proposed amended complaint (not filed because the Court denied the plaintiffs leave to amend their complaint) demonstrate that the pattern of enhanced screening at airports she alleges she experienced ended sometime in 2018 after this litigation began.

At this time, the Court is unpersuaded by the first motion to dismiss. Warsame's proposed amended allegations, which are not currently before the Court, do not necessarily moot her claims. Both Warsame's operative and proposed amended claims arise from her alleged inclusion on the Terrorist Screening Database (the Database), specifically the Selectee List. Neither the plaintiffs' current nor proposed amended complaint assert that Warsame has been removed from the Database or Selectee List. But even if the defendants have removed Warsame from the Database or Selectee List, the voluntary cessation of challenged conduct does not necessarily moot a plaintiff's claims. As explained above, the government defendants bear the burden—a modified, lighter burden, but a burden nonetheless—to make it "absolutely clear" that they have removed her from the Database or Selectee List and that her placement back in the Database or on the Selectee List "could not be reasonably

6

expected to recur."[16] The defendants know how to satisfy this burden. As explained below, the defendants satisfied this burden in seeking to dismiss some of Kovac's claims as moot. And so, without evidence from the defendants to demonstrate that Warsame's claims based on her inclusion in the Database and on the Selectee List are moot, the Court has no basis at this time to find Warsame's claims to be moot.

Therefore, the Court denies the motion to dismiss Warsame's claims. But the Court denies the motion to dismiss without prejudice, granting the defendants 28 days to file a renewed motion to dismiss Warsame. A renewed motion to dismiss, if filed, ought to include the appropriate evidence to demonstrate that the defendants' voluntary cessation of their conduct—the removal of Warsame from the Selectee List or Database, or both—moots Warsame's claims and warrants her dismissal from the case.

B.

The Court grants in part and denies in part the motion to dismiss Kovac's claims. The defendants argue that the Court ought to dismiss all of Kovac's claims as moot because on July 18, 2019, Kovac was removed from the National Terrorist Screening Center's No-Fly List and will not be placed back on the No-Fly List based on currently available information.

The Court agrees that this change in circumstances moots some of Kovac's claims. The plaintiffs argue that, at best, the defendants' act of removing Kovac from

---

[16] *Sossamon*, 560 F.3d at 325 (quoting *Friends of the Earth, Inc.*, 528 U.S. at 189).

7

the No-Fly List at this point in the litigation qualifies as "voluntary cessation." But contrary to what the plaintiffs claim, the voluntary cessation doctrine's traditional high standard does not apply in this case. The Fifth Circuit's modified standard does. As the Fifth Circuit did in *Sossamon*, the Court determines here that under this lighter burden to make clear that the inclusion of Kovac on the No-Fly List cannot reasonably be expected to recur, the defendants' July 18, 2019 letter to Kovac is enough.[17]

But also, as the Fifth Circuit did in *Sossamon*, the Court determines that the defendants' action only moots some of Kovac's claims—it does not moot all of them.[18] If Kovac is not on the No-Fly List but remains in the Database, then for the purposes of the motion-to-dismiss stage he has standing similar to the screening plaintiffs, whose procedural and substantive due process claims the Court dismissed only

---

[17] *See, e.g., Sossamon*, 560 F.3d at 325–26 (demonstrating how a government defendant can make it "absolutely clear" that its conduct cannot "be reasonably expected to recur" while not requiring "some physical or logical impossibility that the challenged policy will be reenacted absent evidence that the voluntary cessation is a sham for continuing possibly unlawful conduct").

Related to this point, one note about *Fikre v. Federal Bureau of Investigation*, 904 F.3d 1033 (9th Cir. 2018). Although persuasive, the Ninth Circuit's precedent is not binding on the Court. Even so, the Court finds *Fikre* to be inapposite here. In that case, the FBI removed plaintiff Fikre from the No-Fly List without explanation. *See generally id.* at 1039–40. Here, the Department of Homeland Security informed Kovac that he no longer satisfies the criteria for placement, he was removed, and he will not be placed back on the list based on currently available information. *See Exhibit 1 to Second Motion to Dismiss* (DHS Letter), at 2 [Doc. No. 30-1]. Even without placing upon the government defendants the lighter burden the Fifth Circuit requires to demonstrate mootness and to avoid the voluntary cessation doctrine, the Court finds that the DHS Letter satisfies the mootness standard as articulated by the Ninth Circuit in *Fikre*.

[18] Contrary to what the defendants argue, Kovac's claims are not solely predicated on his alleged inclusion on the No-Fly List. Kovac's claims not only arise from his inclusion on the No-Fly List specifically but also from his inclusion in the Database generally. *See, e.g.,* Complaint for Injunctive and Declaratory Relief (Complaint) ¶¶ 149–51 [Doc. No. 1]. Kovac's allegations describe instances both in which he was thoroughly searched and questioned and was cleared to fly as well as instances in which he was not even permitted to print a boarding pass, much less was cleared to fly. *See id.* ¶¶ 121–52.

insofar as their claims relied upon their alleged liberty interests in a right to travel and in their reputations under the stigma-plus test. As the Court said in that previous Order:

> Government action implicates the right to travel under the Due Process Clause when it "actually deters travel, when impeding travel is its primary objective, or when it uses a classification that serves to penalize the exercise of the right." *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 903 (1986) (internal quotations and citations omitted). A fundamental right will only be implicated by government action that, at a minimum, "*significantly* interferes with the exercise of a fundamental right." *Zablocki v. Redhail*, 434 U.S. 374, 388 (1978) (emphasis added). As stated by the Fifth Circuit, "travelers do not have a constitutional right to the most convenient form of travel." *Cramer v. Skinner*, 931 F.2d 1020, 1031 (5th Cir. 1991). "Minor restrictions on travel simply do not amount to the denial of a fundamental right that can be upheld only if the Government has a compelling justification." *Id.*[19]

Unlike the screening plaintiffs' claims, Kovac's procedural and substantive due process claims predicated on his alleged liberty interests in a right to travel survived the defendants' previous motion to dismiss because of his continued presence on the No-Fly List. Now that Kovac's claims stemming from his presence on the No-Fly List are moot, the Court further dismisses Kovac's procedural and substantive due process claims insofar as they are predicated on his alleged liberty interest in a right to travel. Like his fellow plaintiffs, Kovac retains his procedural and substantive due process claims only predicated on his alleged liberty interest in nonattainder.[20]

---

[19] *Kovac*, 363 F. Supp. 3d at 752.

[20] *See id.* at 762–63 (already dismissing all plaintiffs' due process claims based on their alleged liberty interest in their reputations under the stigma-plus test and already dismissing the screening plaintiffs' due process claims based on their alleged liberty interest in a right to travel).

9

IV.

For these reasons, the Court **DENIES** the *Motion to Dismiss Plaintiff Warsame for Lack of Standing* [Doc. No. 25] and it **GRANTS IN PART AND DENIES IN PART** the *Motion to Dismiss Plaintiff Adis Kovac's Claims for Lack of Subject Matter Jurisdiction* [Doc. No. 30]. The Court **GRANTS LEAVE** to the defendants to file, within 28 days of the date of this Order, a renewed motion to dismiss Warsame's claims along with the appropriate evidence to support an assertion of mootness. The Court **DISMISSES WITHOUT PREJUDICE** Kovac's procedural due process claim (Count I) and substantive due process claim (Count II) only to the extent that they are predicated on his alleged liberty interest in a right to travel. Going forward, all plaintiffs retain their procedural and substantive due process claims predicated on their alleged liberty interest in nonattainder.[21] And all plaintiffs retain their Administrative Procedure Act claims (Count III).

**IT IS SO ORDERED** this 27th day of March 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] Even though the Constitution's text does not expressly create substantive due process, the Supreme Court of the United States has consistently read into it such a right. And because the Supreme Court has spoken on this issue, this Court must treat substantive due process as if it was in the plain text of the Constitution.